IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EDGAR W. HOWARD, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sgt. GERALD JORDAN, *et al.*, | : | CIVIL ACTION NO. 5:05-cv-184(CAR) |
| Defendants | : | **O R D E R** |

Plaintiff **EDGAR W. HOWARD**, an inmate at Men's State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and he seeks leave to proceed *in forma pauperis* (Tab # 3).

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior prison-generated lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted (dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes). 28 U.S.C. §1915(g); Fed.R.Civ.P. 12(b)(6); ***see Rivera v. Allin***, 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strike rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious injury."

The Eleventh Circuit has concluded that section 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law,

or an inmate's right to equal protection. Accordingly, the Eleventh Circuit upheld the constitutionality of section 1915(g). *Rivera*, 144 F.3d at 721-27.

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff, while incarcerated, has brought numerous civil actions – by this Court's count, plaintiff has filed seventy-two (72) total lawsuits, not including appeals, dating back to 1988 – with federal courts in the State of Georgia. At present, at least seven (7) of these complaints have been dismissed as frivolous pursuant to 28 U.S.C. § 1915. *See Howard v. Ault*, 1:95-cv-220-GET (N.D. Ga. Mar. 2, 1995); *Howard v. Smith*, 1:95-cv-399-GET (N.D. Ga. Mar. 22, 1995); *Howard v. Johns*, 1:95-cv-173- GET (N.D. Ga. Apr. 3, 1995); *Howard v. Stone*, 1:95-cv-1609-GET (N.D. Ga. July 28, 1995); *Howard v. Weems*, 1:95-cv-1904-GET (N.D. Ga. Aug. 28, 1995); *Howard v. Ault*, 1:95-cv-2524-GET (N.D. Ga. Nov. 15, 1995); and *Howard v. Garner*, 1:96-cv-1205-GET (N.D. Ga. June 16, 1996). In addition, plaintiff's appeal in *Howard v. Garner*, 1:96-cv-2114-TWT (N.D. Ga. Aug. 19, 1996), was dismissed as frivolous by the Eleventh Circuit Court of Appeals on July 23, 1998.

Clearly, plaintiff has vastly exceeded the "strikes" allowed by the PLRA to a prisoner attempting to proceed *in forma pauperis* in a federal civil lawsuit. As such, plaintiff cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). This Court finds no indication that plaintiff is "under imminent danger of serious physical injury."

Because plaintiff has more than three prior dismissals and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so

by submitting new complaint forms and the entire $250.00 filing fee at the time of filing the complaint. As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

      **SO ORDERED**, this 15th day of June, 2005.

                                                    **s/ C. ASHLEY ROYAL**
                                                    C. ASHLEY ROYAL
                                                    UNITED STATES DISTRICT JUDGE

cr